Mariana Lotfy Hanna, Law Offices of Mariana L. Hanna, San Diego, CA, for Petitioner.

Keith Ian Mcmanus, Senior Litigation Counsel, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

Ricardo Palos–Marquez petitions for review of a decision by the Board of Immigration Appeals that he is removable because his conviction under 8 U.S.C. § 1324(a)(1)(A)(ii) for knowingly transporting undocumented persons is an aggravated felony under 8 U.S.C. § 1101(a)(43)(N). We dismiss the petition.

1. The phrase "relating to alien smuggling" in 8 U.S.C. § 1101(a)(43)(N) is descriptive, rather than limiting, and offenses listed in that provision are categorically aggravated felonies, except for certain first-time offenses involving family members. See Castro–Espinosa v. Ashcroft, 257 F.3d 1130, 1131–32 & n. 2 (9th Cir. 2001); United States v. Galindo–Gallegos, 244 F.3d 728, 733–34 (9th Cir.), amended on other grounds by 255 F.3d 1154 (9th

Cir.2001). Section 1324(a)(1)(A)(ii) is listed in § 1101(a)(43)(N). Palos–Marquez's conviction was not for a first-time offense involving a family member, and he therefore was convicted of an aggravated felony.

2. Because Palos–Marquez was convicted of an aggravated felony, we lack jurisdiction over this petition for review. 8 U.S.C. §§ 1227(a)(2)(A)(ii), 1252(a)(2)(C); see Castro–Espinosa, 257 F.3d at 1132.

**DISMISSED.**

**Jesus MUNOZ, Petitioner–Appellant,**

v.

**A.M. GONZALES, Acting Warden; Jeffrey Beard, Respondents– Appellees.**

**No. 12–56440.**

United States Court of Appeals, Ninth Circuit.

Submitted March 2, 2015.*

Filed March 10, 2015.

Tony Faryar Farmani Farmani, APLC, San Diego, CA, for Petitioner–Appellant.

Jesus Munoz, pro se.

Paige B. Hazard, Deputy Attorney General, William M. Wood, Deputy Attorney General, AGCA–Office Of The California

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Attorney General, San Diego, CA, for Respondents–Appellees.

Before: PREGERSON, FERNANDEZ, and NGUYEN, Circuit Judges.

### MEMORANDUM **

Jesus Munoz appeals the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the California Court of Appeal's denial of Munoz's claim was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent, we affirm. 28 U.S.C. §§ 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

1. The California Court of Appeal's September 6, 2011 decision adjudicated the merits of Munoz's federal due process claim. While the Court of Appeal's decision does not expressly reference Munoz's federal due process claim, the "conjoined nature of [Munoz's] state and federal claims, the similar legal analysis underpinning their resolution, and the Court of Appeal's obligation to dutifully comply both with state law and the federal Constitution," supports the presumption that the claim was adjudicated on the merits. *Bell v. Uribe,* 748 F.3d 857, 864 (9th Cir.2014). Therefore, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. *See* 28 U.S.C. § 2254(d).

2. Munoz argues that the trial court's admission of his prior auto theft violated

his due process rights. Even if the evidence was improperly admitted to show that Munoz committed the crime for which he was on trial, this claim would not be grounds for relief. Under the strict standards of AEDPA, the Court of Appeal's denial of Munoz's claim was not an unreasonable application of clearly established Supreme Court precedent. *See Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (reserving the question of whether admission of prior crimes evidence to show propensity would violate the Due Process Clause); *see also Holley v. Yarborough,* 568 F.3d 1091, 1101 (9th Cir.2009) (explaining the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ [of habeas corpus]").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.